UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

                                                       8:17-CV-0027
v.                                                       (GTS/CFH)

ERIN GAGNON,

                Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

OVERTON, RUSSELL, DOERR, & DONOVAN      LINDA L. DONOVAN, ESQ.
  Counsel for Plaintiff
19 Halfmoon Executive Park Drive
Clifton Park, NY 12065

GLENN T. SUDDABY, Chief United States District Judge

**<u>DECISION and ORDER</u>**

        Currently before the Court, in this federal student loan default action filed by the United States ("Plaintiff") against Erin Gagnon ("Defendant"), is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 8.) For the reasons stated below, Plaintiff's motion is granted with regard to liability but denied without prejudice with regard to damages.

**I.     RELEVANT BACKGROUND**

     **A.    Plaintiff's Complaint**

        Liberally construed, Plaintiff's Complaint alleges that (a) Defendant owes a debt to Plaintiff in the amount of $34,663.63 comprised of both principal and capitalized and accrued interest as of the date of the Complaint, (b) Plaintiff made a demand for payment of this debt, and (c) Defendant neglected and refused to pay the debt. (Dkt. No. 1, at 2 [Compl.].) As a

result, Plaintiff requests a judgment granting payment of the above amount, as well as prejudgment interest through the date of the judgment, attorneys' fees as allowed by law, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961. (*Id.*)

### B. Plaintiff's Service of the Complaint and Defendant's Failure to Answer

On January 16, 2017, Plaintiff served the Complaint on Defendant. (Dkt. No. 4.) As of the date of this Decision and Order, Defendant has filed no Answer to that Complaint. (*See generally* Docket Sheet.)

### C. Clerk's Office's Entry of Default and Defendant's Non-Appearance

On March 24, 2017, Plaintiff filed a request for entry of default. (Dkt. No. 5.) On March 27, 2017, the Clerk of the Court entered default against Defendant. (Dkt. No. 7.) As of the date of this Decision and Order, Defendant has not appeared or attempted to cure that entry of default. (*See generally* Docket Sheet.)

### D. Plaintiff's Motion for Default Judgment and Defendant's Non-Response

On March 27, 2017, Plaintiff filed a motion for default judgment against Defendant, pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 8.) As of the date of this Decision and Order, Defendant has filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of its motion for default judgment, Plaintiff argues that it is entitled to an entry of default judgment granting the amount owed by Defendant plus interest and costs based on Defendant's failure to answer or otherwise formally respond to the Complaint and the Clerk of the Court's entry of default. (Dkt. No. 8, at 3-4 [Pl.'s Mem. o f Law].)

## II.     RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).  "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]).  "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court."  *Id*.  "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment."  *Id*. (citing Fed. R. Civ. P. 55[b][2]).  "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]).  "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).  This inquiry "involves two tasks: [1]

determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

## III.   ANALYSIS

### A.   Default Judgment on Liability

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that, under the circumstances, Plaintiff has met its modest burden of showing that it is entitled to a default judgment.[1] The docket establishes that Defendant has not filed an answer to the Complaint, has not entered an appearance, and has not responded to Plaintiff's motion in this action. (*See generally* Docket Report.) Plaintiff requested (and was granted) the entry of default by the Clerk of the Court. (Dkt. Nos. 5, 7.) Plaintiff provided a copy of a promissory note to obtain a federal direct consolidation loan signed by Defendant on June 24, 2011. (Dkt. No. 1, Attach. 1.) In its Complaint, Plaintiff alleges that it demanded payment in accordance with the terms of that note, but that, to date, Defendant has failed to pay the debt. (Dkt. No. 1, at 1-2 [Compl.].) These allegations are sufficient to establish Defendant's liability.[2] *United States v.*

---

[1] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein..."); *Rusyniak v. Gensini*, 07-CV-2079, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

[2] "When default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound*

*Gulyas*, 16-CV-0726, 2017 WL 1162192, at *2 (N.D.N.Y. Mar. 28, 2017) (Kahn, J.); *United States v. Spaulding*, 15-CV-0482, 2016 WL 589700, at *2 (N.D.N.Y. Feb. 11, 2016) (Kahn, J.); *United States v. Thomas*, 12-CV-0253, 2013 WL 685778, at *1 (N.D.N.Y. Feb. 25, 2013) (McAvoy, J.); *United States v. Hill*, 12-CV-1413, 2013 WL 474535, at *1 (N.D.N.Y. Feb. 7, 2013) (McAvoy, J.). Therefore, the Court grants Plaintiff's motion for the issuance of default judgment with regard to its claim pursuant to Fed. R. Civ. P. 55(b).

### B.     Default Judgment on Damages

However, the Court is not satisfied that Plaintiff has met its burden of establishing a valid basis for the damages sought.  *See Bravado Int'l Group Merch. Servs.*, 655 F. Supp. 2d at 189 ("The burden is on the plaintiff to establish entitlement to recovery."). "'While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible to mathematical computation,'" i.e., a sum certain under Fed. R. Civ. P. 55(b)(1).  *Hill*, 2013 WL 474535, at *1 (McAvoy, J.) (quoting *Flaks v. Koegel*, 504 F.2d 702, 707 [2d Cir. 1974]).  Under Fed. R. Civ. P. 55, the "court may conduct hearings or make referrals" for the following reasons: (1) conduct an accounting; (2) determine the amount of damages; (3) establish the truth of any allegation by evidence; or (4) investigate any other matter.  Fed. R. Civ. P. 55(b)(2).  "It [is] not necessary for the District Court to hold a hearing, as long as it is ensured that there [is] a basis for the damages specified in the default judgment."  *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989).

Here, while it is conceivable that the damages sought might be susceptible to mathematical computation, Plaintiff's Complaint and affidavit do not contain sufficient facts to

---

*Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 [2d Cir. 1992]).

enable the Court to "'ensure that there is a basis for the damages that are sought,'" i.e., for the Court to ensure that Plaintiff's calculations are accurate to a reasonable degree. *See United States v. Marshall*, 15-CV-1188, 2017 WL 758506, at *2 (N.D.N.Y. Feb. 27, 2017) (D'Agostino, J.) (quoting *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 [N.D.N.Y. 2008] [Sharpe, J.]). Rule 55.2 of the Local Rules of the Northern District of New York states that, when requesting default judgment by either the Clerk of the Court or from the Court itself, the moving party must submit (a) "the Clerk's certificate of entry of default," (b) "a statement showing the principal amount due, not to exceed the amount demanded in the complaint, giving credit for any payments, and showing the amounts and dates of payment," (c) "a computation of the interest to the day of judgment," (d) "a *per diem* rate of interest," and (e) "the costs and taxable disbursements claimed." N.D.N.Y. L.R. 55.2. This Rule allows the moving party to set forth the required facts in an affidavit of the moving party or its attorney. N.D.N.Y. L.R. 55.2(b).

    Along with its motion, Plaintiff submitted an affidavit in which Plaintiff's attorney states that Defendant, at the time of that motion, owed $27,065.73 in principal and $7,900.82 in accrued interest based on an interest rate of 5.375% per year. (Dkt. No. 8, at 4 [Pl.'s Mem. of Law], 8-9 [Donovan Aff.].) In this affidavit, Plaintiff's attorney states that these figures are "provided from the USA's records for this claim." (Dkt. No. 8, at 8 [Donovan Aff.].) Plaintiff also submitted a promissory note signed by Defendant; however, this note does not contain pages showing the details of the loan, such as the disbursement date, the principal amount, or the interest rate of 5.375% per year. (Dkt. No. 1, Attach. 1.)

Although the affidavit from Plaintiff's attorney states the amount of principal due and the amount of interest accrued up to the date of the Clerk's entry of default, it does not present all of the factual information required by Local Rule 55.2. For example, although the Complaint alleges that the principal amount of $27,065.73 was owed "after application of all prior payments, credits, and offsets," the attorney affidavit does not state that fact, nor does it show the amounts and dates of payments, if any, for which Defendant was given credit, or the date on which the prejudgment interest started to accrue.[3] (Dkt. No. 1, at 2 [Compl.]; Dkt. No. 8, at 8 [Donovan Aff.].) In addition, although the Court could divine the rate of daily interest by multiplying the principal amount by the annual interest rate and dividing by the number of days in a year, those calculations should be performed in the affidavit to reduce the chance of an error. Plaintiff therefore has not complied with the requirements of Local Rule 55.2 regarding the evidence required to show entitlement to the damages sought in the Complaint on default judgment. *See United States v. LaBarge*, 15-CV-1330, 2017 WL 758514, at *1 (N.D.N.Y. Feb.

---

[3] The Court cannot simply assume that the date on the promissory note is the date of disbursement, and other courts have noted widely varying time periods between when the promissory note for this type of loan was executed and when the loan was actually disbursed. (Dkt. No. 1, Attach. 1, at 1 [Promissory Note] ["I agree to pay interest on the principal amount of my Direct Consolidation Loan *from the date of disbursement* until the loan is paid in full or discharged."] [emphasis added].) *See also United States v. Jones*, 11-CV-2869, 2015 WL 332115, at *2 (E.D.N.Y. Jan. 23, 2015) (noting that defendant executed a promissory note for a direct consolidation loan on or about March 7, 2003, and that loan was disbursed from April 24, 2003, to May 30, 2003 [48 to 84 days later]); *United States v. Smith*, 2013 WL 74246, at *2 (N.D.N.Y. Jan. 4, 2013) (D'Agostino, J.) (noting that defendant executed a promissory note for an education loan consolidation on March 25, 1994 and that loan was disbursed on May 3, 1994 [39 days later]); *United States v. Dennis*, 11-CV-0585, 2012 WL 2264271, at *3 (E.D.N.Y. June 18, 2012) (noting that defendant executed a promissory note for a direct consolidation loan on February 2, 2003, and that loan was disbursed on March 21, 2003 [47 days later]); *United States v. Manoussos*, 10-CV-0179, 2012 WL 899565, at *4 (E.D.N.Y. Mar. 16, 2012) (noting that defendant signed the promissory note for a consolidation loan on February 24, 1993, and that loan was disbursed on June 2, 1993 [99 days later]).

27, 2017) (D'Agostino, J.) (noting that, on July 18, 2016, the court had granted plaintiff's motion for default judgment with respect to liability, but denied the motion with respect to damages because plaintiff failed to submit evidence of the *per diem* interest rate as required by Local Rule 55.2); *accord Marshall*, 2017 WL 758506, at *1.[4]

Finally, to the extent that Plaintiff seeks costs of $25 for service of process, it does not support that request with evidence, or even include that amount in its proposed order.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for entry of default judgment against Defendant with regard to liability (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for entry of default judgment against Defendant with regard to damages is **DENIED** without prejudice.

Date: December 19, 2017
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[4] The Court declines to exercise its discretion to hold a hearing on this motion because allowing Plaintiff to reapply for damages with the requisite supporting evidence would be more appropriate and efficient than holding a hearing under the circumstances. Notably, there would be no greater benefit from allowing testimony by witnesses at a hearing than could be obtained from submission of written evidence, such as a Certificate of Indebtedness or the full promissory note for the loan, that would establish the necessary facts. *See Finkel v. Roamnowicz*, 577 F.3d 79, 87 (2d Cir. 2009) (noting that "Rule 55(b) commits [the decision whether to hold a hearing] to the sound discretion of the district court").