UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

                                                                     8:17-CV-0027
v.                                                                     (GTS/CFH)

ERIN GAGNON,

                Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

OVERTON, RUSSELL, DOERR, & DONOVAN         LINDA L. DONOVAN, ESQ.
  Counsel for Plaintiff                                       MELISSA M. TOBROCKE, ESQ.
19 Halfmoon Executive Park Drive
Clifton Park, NY 12065

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this federal student loan default action filed by the United States ("Plaintiff") against Erin Gagnon ("Defendant"), is Plaintiff's second motion for default judgment as to damages pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 8.) For the reasons stated below, Plaintiff's motion is granted.

**I.     RELEVANT BACKGROUND**

    **A.     Plaintiff's Complaint**

        Liberally construed, Plaintiff's Complaint alleges that (a) Defendant owes a debt to Plaintiff in the amount of $34,662.63 comprised of both principal and capitalized and accrued interest as of the date of the Complaint, (b) Plaintiff made a demand for payment of this debt, and (c) Defendant neglected and refused to pay the debt. (Dkt. No. 1, at 2 [Compl.].) As a

result, Plaintiff requests a judgment granting payment of the above amount, as well as prejudgment interest through the date of the judgment, attorneys' fees as allowed by law, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961. (*Id.*)

### B. Plaintiff's Service of the Complaint and Defendant's Failure to Answer

On January 16, 2017, Plaintiff served the Complaint on Defendant. (Dkt. No. 4.) As of the date of this Decision and Order, Defendant has filed no Answer to that Complaint. (*See generally* Docket Sheet.)

### C. Clerk's Office's Entry of Default and Defendant's Non-Appearance

On March 24, 2017, Plaintiff filed a request for entry of default. (Dkt. No. 5.) On March 27, 2017, the Clerk of the Court entered default against Defendant. (Dkt. No. 7.) As of the date of this Decision and Order, Defendant has not appeared or attempted to cure that entry of default. (*See generally* Docket Sheet.)

### D. Plaintiff's First Motion for Default Judgment and the Decision and Order of December 19, 2017

On March 27, 2017, Plaintiff filed a motion for default judgment against Defendant, pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 8.) Defendant failed to file a response to that motion. (*See generally* Docket Sheet.)

On December 19, 2017, the Court issued a Decision and Order granting Plaintiff's motion with regard to liability, but denying Plaintiff's motion without prejudice with regard to damages. (Dkt. No. 10 [Decision & Order, 12/19/17].) The Court found that Plaintiff had not provided sufficient evidence to establish entitlement to the amount of damages requested, noting in particular that Plaintiff failed to provide evidence of (a) the disbursement date, (b) the

principal amount, (c) the amounts and date of payments made on the loan, and (d) the *per diem* rate of interest. (*Id.* at 6-8.)

### E. Plaintiff's Second Motion for Default Judgment as to Damages

On December 28, 2017, the Court *sua sponte* granted Plaintiff permission to file a second motion for default judgment as to damages by January 26, 2018. (Text Order filed 12/28/17.) The Court subsequently extended that deadline first to February 26, 2018, and subsequently to March 26, 2018. (Text Orders filed 2/5/18 and 2/28/18.) On March 23, 2018, Plaintiff filed a letter request seeking further extension to file its second motion for default judgement, which the Court granted on March 27, 2018, extending the deadline to April 27, 2018. (Dkt. No. 14; Text Order filed 3/27/18.)

On April 16, 2018, Plaintiff filed its second motion for default judgment as to damages. (Dkt. No. 16.) In its motion, Plaintiff acknowledges that this Court has already granted default judgment with regard to liability, and attaches additional evidence in support of its motion for default judgment with regard to damages. (*Id.*) Plaintiff seeks $27,065.73 in principal and $9,380.36 in interest accrued through April 2, 2018, for a total amount of $36,446.09. (*Id.* at 8.)

## II. RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the

court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

### III. ANALYSIS

Along with its second motion for default judgment, Plaintiff submitted a declaration from Rhoda Terry, a Loan Analyst with the Office of Student Financial Assistance of the United

States Department of Education. (Dkt. No. 16, Attach. 4 [Terry Decl.].) In her declaration, Ms. Terry stated the following facts about Plaintiff's loan, based on her personal knowledge and access to various student loan databases: (1) the principal amount is $27,065.73; (2) the total interest amount through April 2, 2018, is $9,380.36; and (3) the annual interest rate is 5.375%, and the *per diem* interest charge is $3.99 per day "for each day after July 15th, 2011," which was the date of the consolidation of Plaintiff's existing loans. (*Id.* at 5.) Attached to Ms. Terry's declaration are records showing various payments made on the loan between June and September 2013, the total amount Plaintiff has paid on the loan, and the amount of the relevant consolidation loans that were disbursed on July 15, 2011. (*Id.* at 6-10.)

The Court finds that the evidence provided with the second motion for default judgment is sufficient to establish Plaintiff's entitlement to the damages requested. The Court notes that, using the evidence provided—including the records showing the principal amount of the consolidated loan, the date of consolidation (which Plaintiff, through the declaration of Ms. Terry, has acknowledged is the relevant start date for the accrual of interest), the amount Plaintiff has paid towards the loan interest, and the *per diem* interest rate—the Court has calculated an interest amount of $9,391.81 for the period between July 15, 2011, to April 2, 2018 (less applied payments), which is actually slightly greater than the amount sought by Plaintiff in its motion. The Court therefore finds that Plaintiff has corrected the deficiencies identified in the first motion for default judgment and has has sufficiently established entitlement to the amount of both the principal and interest amounts for the purposes of this unopposed motion.

Finally, Plaintiff seeks costs of $25 for service of process. (Dkt. No. 16, at 4.) However, as noted in the Decision and Order addressing Plaintiff's first motion for default judgment,

5

Plaintiff has again failed to provide any evidence to support this cost and has failed to include that amount in its provided proposed order. (Dkt. No. 16, Attach. 3, at 1.) As a result, although this cost is modest, the Court must deny recovery of this cost.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 16) with regard to damages is **<u>GRANTED</u>**; and it is further

**ORDERED** that judgment be entered herein by the Clerk of Court in favor of Plaintiff against Defendant for the sum of **THIRTY SIX THOUSAND FOUR HUNDRED FORTY SIX DOLLARS AND NINE CENTS ($36,446.09)**, plus interest at a rate of 5.375% (or $3.99 per day) from April 2, 2018, to the date of Judgment, plus post-judgment interest in accordance with 28 U.S.C. § 1961(a).

Date: October 25, 2018
Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge